FILED
2023 Sep-22 AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| JASON MICHAEL SHARP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. 5:17-cv-01077-AMM** |
| | ) | |
| TERRY RAYBON, Warden, | ) | |
| Holman Correctional Facility,[1] | ) | |
| | ) | |
| STEVE MARSHALL, Attorney | ) | |
| General of the State of Alabama, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR TIMELY RULING**

Comes now Respondent, by and through the Attorney General of the State of Alabama, and respectfully moves this Honorable Court to issue a timely ruling on Jason Michael Sharp's petition for writ of habeas corpus, which has been ripe for disposition for more than four-and-one-half years. As grounds in support of this motion, Respondent offers the following:

1. This is a capital murder case in which the death penalty was imposed.

[1] At the time Sharpe filed his original habeas petition, Cynthia Stewart was the Warden of Holman Correctional Facility. Since that time, Ms. Stewart has been promoted and Terry Raybon is now Warden at Holman Correctional Facility. Raybon is substituted for Stewart pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

2. In August 2006, a Madison County jury found Petitioner Jason Michael Sharp guilty of capital murder for the murder of T. L. M. during the commission of a rape or attempted rape. The jury recommended that Sharp be sentenced to death and the trial court adopted the jury's recommendation. Sharp appealed, and his conviction and sentence were ultimately affirmed. Sharp's direct appeal concluded with the denial of certiorari review by the Supreme Court in April 2014. *Sharp v. Alabama*, 572 U.S. 1047 (2014).

3. Sharp sought state postconviction relief by filing a Rule 32 petition in August 2014. The state trial court denied state postconviction relief in October 2015. Petitioner appealed the denial of state postconviction relief which was ultimately affirmed. Petitioner's state postconviction proceedings concluded with the Alabama Supreme Court's denial of certiorari review on June 16, 2017.

4. Sharp filed the petition for writ of habeas corpus in this action in June 2017, amended his petition in January 2018. The Commissioner responded to the allegations of the petition in June 2018. Sharp filed a reply brief in November 2018. This constituted the last substantive filing in this proceeding.

5. In October 2022, this matter was reassigned to the Honorable Anna M. Manasco.

6. It is axiomatic that "[f]ederal review of state court judgments, while an important check on possible constitutional abuses, should be carried out in a timely

fashion to prevent unnecessary interference with a state's authority." *McNair v. Allen*, 515 F.3d 1168, 1175 (11th Cir. 2008); *see also Spann v. Martin*, 963 F.2d 663, 673 (4th Cir. 1992) ("The respondents have a right to a prompt decision of the petitioner's claim on the merits. The public also has a vital interest in the fair and prompt conclusion of habeas corpus petitions in the federal courts, particularly when they involve a serious crime prosecuted by one of the states. The district court has a duty to decide cases within its jurisdiction."). This is especially true in capital cases. *See, e.g.*, *Rust v. Clarke*, 960 F.2d 72, 73 (8th Cir. 1992) ("The Supreme Court has pointed out the necessity of giving priority to capital habeas cases because of the interests of the petitioner, who may be unlawfully kept on death row, but also the state, whose interests in finality deserve the concern and deference of the federal courts."); *id.* ("[A] capital [habeas] case should not be pending for almost four years. Wherever possible, such cases should be briefed within six months of filing and decided within a reasonable time thereafter."). To this end, "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and to advance the principles of comity, finality, and federalism." *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022) (cleaned up).

7. As set forth above, briefing concluded in this matter in November 2018. This case has been ripe for disposition for over four-and-one-half years.

8. As the Supreme Court has noted, "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). The State cannot obtain finality so long as Petitioner's case sits in limbo in this habeas proceeding.

WHEREFORE, for the foregoing reasons, Respondent respectfully moves this Honorable Court to issue a timely ruling in the above-styled cause.

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*
BY—

***s/ James R. Houts***
James R. Houts
*Alabama Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2023, I served a copy of the foregoing motion upon counsel for the Petitioner by filing the same via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to the **Hon. John Palombi, Esq., Spencer J. Hahn, Esq., and William Hahn, Esq.** The foregoing was served on the following non-CM/ECF participants: **None**.

***s/ James R. Houts***
James R. Houts (ASB-1321-T77J)
*Alabama Assistant Attorney General*
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Email: James.Houts@AlabamaAG.gov