FILED
2024 Mar-05 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JASON MICHAEL SHARP,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:17-cv-1077-AMM** |
| | ) | |
| **TERRY RAYBON, Warden of William C. Holman Correctional Facility,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# ORDER

Jason Michael Sharp petitions the court for a writ of habeas corpus under Title 28 U.S.C. § 2254. Doc. 14. Mr. Sharp challenges the constitutionality of his capital conviction and death sentence in the Circuit Court of Madison County, Alabama. *Id.* at 2. The purposes of this order are to clarify the appropriate responding party, *see Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) (confirming a district court's power to substitute a habeas respondent sua sponte), and address the respondent's motion for a timely ruling, Doc. 33.

First, under Supreme Court precedent, "the proper respondent [in a habeas action] is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). Mr. Sharp's place

of custody is William C. Holman Correctional Facility, Ala. Dep't of Corr., https://doc.alabama.gov/DeathRow at 4 (last visited Mar. 5, 2024).

Mr. Sharp names Cynthia Stewart, a former Warden of William Holman C. Correctional Facility, as the habeas respondent. Doc. 14 at 1. But, as noted in the respondent's motion for a timely ruling, "Terry Rabon is now [the] Warden at Holman." Doc. 33 at 1 n.1; *see also* Ala. Dep't of Corr., https://doc.alabama.gov/facility?loc=33 (last visited Mar. 5, 2024). Accordingly, the Clerk of Court is **DIRECTED** to: (1) terminate the status of Warden Stewart and Alabama's Attorney General, Steve Marshall, as parties on CM/ECF and (2) retain Terry Raybon, Warden of William C. Holman Correctional Facility, as the proper respondent. Relatedly, the parties are **DIRECTED** to use the above case caption on any future filings.

Second, the court **GRANTS** Warden Raybon's motion for a timely ruling. Doc. 33. Mr. Sharp's petition plus the attached exhibits span over 120 pages. Doc. 14; Docs. 14-1 to 14-2. The state court record consists of 40 volumes, all of which this court is carefully reviewing in the context of the legal issues presented. Doc. 19; Docs. 19-1 to 19-55; Doc. 20. The court will enter a ruling in this case at the earliest time practicable under these circumstances.

**DONE** and **ORDERED** this 5th day of March, 2024.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE